**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:16-cr-097 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| KEITH BURDEN, | : | |
| | : | |
| Defendant. | : | |

**ORDER:**
**(1) FINDING DEFENDANT'S MOTION TO DISMISS THE ACCA ENHANCEMENT IS NOT RIPE FOR DECISION; AND (2) HOLDING IN ABEYANCE UNTIL CONVICTION, IF ANY, A DETERMINATION AS TO THE APPLICABILITY OF THE ACCA ENHANCEMENT**

This criminal case is before the Court on Defendant's motion to dismiss the Armed Career Criminal Act ("ACCA") enhancement (Doc. 13) and the parties' responsive memoranda (Docs. 14, 17).

**I. BACKGROUND**

On October 5, 2016, Defendant Keith Burden was charged by way of a single count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). Typically, the penalty for an offense under § 922(g) includes, *inter alia*, a term of imprisonment for a period up to the statutory maximum of ten years. 18 U.S.C. § 924(a)(2). However, the Indictment in the instant case specifically provides that Defendant was previously convicted of at least three separate felony offenses, which prior convictions, the Government alleges, subject Defendant to enhanced penalties under

the ACCA, pursuant to 18 U.S.C. § 924(e). (Doc. 1).[1] The ACCA enhancement exposes Defendant to a potential fifteen year mandatory minimum and up to a lifetime of imprisonment. 18 U.S.C. § 924(e).

On November 18, 2016, Defendant filed a motion asking the Court "to strike the [ACCA] penalty provision contained in the indictment … and issue a finding that [Defendant] is not eligible for a sentencing enhancement pursuant to the ACCA as a matter of law." (Doc. 13 at 1). In short, Defendant argues that his convictions under the Ohio and Kentucky robbery statutes do not qualify as a predicate offense under the ACCA's "force clause" (18 U.S.C. 924(e)(2)(B)(i)). (Doc. 13 at 3).

The Government filed its response to Defendant's motion, stating that, "[b]ecause the applicability of the ACCA enhancement is not ripe for adjudication, the Court should deny [Defendant's] motion without prejudice to his ability to raise the issue in the event of a conviction." (Doc. 14 at 1). The Government's response did not address the merits of Defendant's substantive argument.

In his reply, Defendant argues that a pretrial determination regarding the precise penalties he faces, if convicted, is necessary to ensure his right to due process and the effective assistance of counsel, as well as to adequately serve the interests of justice. (Doc. 17).

---

[1] Defendant's prior counts of conviction include Robbery (Counts 2 & 5), in violation of Ohio Rev. Code § 2911.02 (*State of Ohio v. Keith Burden*, No. B0804731 (Hamilton Cty., Ohio Ct. Com. Pl., July 29, 2009)) and two counts of Robbery, in violation of Ky. Rev. Stat. § 515.030 (*Commonwealth of Kentucky v. Keith Burden*, Nos. 08-CR-511 & 08-CR-513 (Campbell Cty., Ky. Cir. Ct., Dec. 4, 2008)).

## II.  STANDARD OF REVIEW

"Article III of the Constitution limits the jurisdiction of federal courts to consideration of actual cases and controversies, and federal courts are not permitted to render advisory opinions."  *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002).  When a claim is brought too early, it is considered unripe for adjudication.  *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008).

More specifically, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"  *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985)).  "The ripeness doctrine serves to 'avoid[ ] … premature adjudication' of legal questions and to prevent courts from 'entangling themselves in abstract' debates that may turn out differently in different settings."  *Warshak*, 532 F.3d at 525 (quoting *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003)) (alterations in original).

In assessing whether a claim is ripe for decision, the Court must consider:  (1) the fitness of the issue for judicial review; and (2) the hardship imposed upon the parties should the Court withhold its consideration of the issue.  *Warshak*, 532 F.3d at 525-26 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).

## III.  ANALYSIS

Defendant urges the Court to reach a determination on the merits of his ACCA motion, arguing that: (1) Defendant "has a Fifth and Sixth Amendment right to a pretrial determination of the correct statutory penalty range that he faces *if* convicted"; and (2)

3

"[a] pretrial determination of the correct statutory penalty range … serves the interests of justice." (Doc. 24 at 3, 5) (emphasis added).

However, the Court finds that a determination as to whether the ACCA sentencing enhancement is applicable to Defendant in the instant case is, at this time, not fit for judicial review, nor does the hardship imposed upon Defendant warrant adjudication of an issue not otherwise ripe for decision.

### A. Post-Conviction Determination Would Not Violate Defendant's Constitutional Rights

Defendant states that, "due process requires that a defendant have notice and a meaningful opportunity to contest the validity or applicability of the prior convictions upon which a statutory sentencing enhancement is based." (Doc. 17 at 3). In that regard, Defendant asserts that a pretrial determination as to the ACCA enhancement is necessary to ensure that his opportunity to be heard occurs while it is still "meaningful." (*Id*. at 4-5). Defendant acknowledges that the Government was not required to provide him with pretrial notice of its intent to seek an ACCA enhancement. (*Id*. at 3). However, Defendant argues that the Government's decision to provide such notice in the Indictment, as well as the Magistrate Judge's advisement of the ACCA penalties during Defendant's Initial Appearance, will result in confusion and prejudice to Defendant, unless the Court renders a decision on the merits of his ACCA motion. (*Id*. at 3-4). Defendant specifies that "[t]he consequences of not having the clarity [he] seeks at this stage, of not knowing the most basic consequence of a conviction—the floor and ceiling of applicable punishment—is dire, as it leads to a decision to plead or not based on faulty

4

and incomplete information." (*Id.*) Finally, Defendant asserts that, absent a determination on the issue, he will be denied his Sixth Amendment right to the effective assistance of counsel. (*Id.* at 5).

It is well-established that the ACCA sentencing provision is not a separate offense that the Government must plead in the indictment, and "due process does not require the government to provide prior notice of its intention to seek a sentence enhancement under the ACCA." *United States v. McMurray*, 653 F.3d 367, 370-71 (6th Cir. 2011). Thus, while a defendant must receive reasonable notice and an opportunity to be heard regarding a penalty enhancement, said 'notice and opportunity' does <u>not</u> necessarily need to occur <u>prior</u> to trial. *See*, *e.g.*, *Oyler v. Boles*, 368 U.S. 448, 452 (1962) ("If [the law] chooses to handle the matter [of a recidivist enhancement versus conviction on the substantive offense] as two separate proceedings, due process does not require advance notice that the trial on the substantive offense will be followed by an habitual criminal proceeding"); *United States v. Alexander*, 530 F. App'x 565, 571 (6th Cir. 2013) ("Due process does not require notice of a potential enhancement prior to trial"). However, if the Government chooses to provide notice in the charging instrument, "a defendant may hold the government to the textual language of the pretrial information [or indictment] if failure to do so would result in prejudice." *Id*.

Here, the Court does not agree with Defendant's contention that, "[u]nder the circumstances of this case, the opportunity to challenge the [ACCA] designation is <u>only</u> meaningful if it occurs now, prior to trial." (Doc. 17 at 5) (emphasis added). Even without a pretrial determination from this Court, Defendant is still able, with the

5

assistance of counsel, to determine his likely sentencing range, pursuant to statute and the guidelines, both with and without the ACCA, and to use that information to negotiate a plea agreement.[2]

Further, the Court finds no merit in Defendant's position that his pretrial notice and advisement of the ACCA penalties was "confusing and misleading" or that it prejudiced the defense. Defendant states that he "was not advised that he faces a mandatory minimum sentence of 15 years *only if* he has three prior qualifying violent felonies under the ACCA and that 18 U.S.C. § 922(g) is otherwise punishable by a maximum prison sentence of ten years." (Doc. 17 at 4) (emphasis in original). However, by filing his motion to strike the ACCA designation, Defendant evidences that he is fully aware that the ACCA penalties are not necessarily controlling. And as Defendant is currently aware of the lesser potential penalties, he can no longer assert that he has been 'misled,' much less prejudiced, by his pretrial notice.

Admittedly, the absence of a pretrial determination on Defendant's ACCA motion creates a facet of uncertainty in Defendant's pretrial decisions and plea negotiations. However, the Court does not find sufficient basis to distinguish the issue presented here from any other sentencing determination (*e.g.*, applicability of guideline enhancements,

---

[2] At this time, the Court is not prepared to speak to the merits of Defendant's motion, but would merely note that, to say the ACCA determination is only meaningful if it occurs pretrial, presumes that the determination would be favorable to Defendant.

6

consideration of sentencing factors, *etc*.), none of which the Court would entertain pretrial.[3]

Further, the Court finds support of its decision, albeit indirectly, in: (1) the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (2) the pre-trial notice requirements of 21 U.S.C. § 851(a).

First, the Supreme Court recognized in *Apprendi* that when certain factual findings increase the maximum penalty to which a criminal defendant may be exposed, that "differential [in the potential penalties] is unquestionably of constitutional significance." 530 U.S. at 495. Accordingly, the *Apprendi* Court held that: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at 490 (emphasis added). The Supreme Court reasoned that, "there is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof." *Id*. Thus, despite recognizing the constitutional significance of penalty enhancements, the Supreme Court specifically *excluded* prior convictions from the category of findings that must be treated, effectively, as elements of the offense.

---

[3] The Court does not find the difference in the statutory penalties, with and without the ACCA enhancement, to be a sufficient distinction. Indeed, many sentencing determinations—for example, guideline enhancements driven by drug quantity or monetary loss, as well as the career offender guidelines—result in extreme variation in a defendant's applicable sentencing range, which could (and likely would) significantly impact a defendant's ultimate sentence.

Here, the Court acknowledges that Defendant is not arguing that his prior convictions should be treated as elements of the instant charge, to be submitted to a jury and proven beyond a reasonable doubt. However, Defendant *is* asking the Court to treat a determination regarding his prior convictions as something other than a sentencing factor. In that regard, the Supreme Court's treatment of prior convictions in *Apprendi* is relevant.

Second, pursuant to 21 U.S.C. § 851(a), "[n]o person who stands convicted of an offense under [the Controlled Substances Act (*e.g.*, possession with intent to distribute)] shall be sentenced to increased punishment by reason of one or more prior convictions, unless <u>before trial, or before entry of a plea of guilty</u>, the United States attorney files an information [or indictment] with the court (and serves a copy of such information [or indictment] on the person or counsel for the person) stating in writing the previous convictions to be relied upon." (Emphasis added).  In short, Congress specifically imposed a requirement under the Controlled Substances Act that a defendant may <u>not</u> be subjected to penalty enhancements due to his prior convictions unless he is given notice <u>before</u> he proceeds to trial or pleads. However, no such provision exists under the ACCA. Given that Congress demonstrated an ability and willingness to impose a pre-trial notice requirement for controlled substance offenses, the absence of a similar requirement under the ACCA is noteworthy.

Accordingly, the Court concludes that the opportunity to be heard post-conviction regarding the ACCA's applicability would neither deprive Defendant of due process and the effective assistance of counsel, nor render said opportunity meaningless.

8

### B. Pretrial Adjudication is Not Necessary to Serve the Interests of Justice

Next, Defendant asserts that a pretrial determination regarding the ACCA enhancement serves the interests of justice. (Doc. 17 at 5-7). Defendant argues that his ACCA motion does not call for an advisory opinion and that pretrial adjudication is warranted. (*Id.*) More specifically, Defendant states that, whether the enhancement applies is not a 'potential' dispute, as "[t]he government's indictment created a very real controversy…." (*Id.* at 6). The Court disagrees with Defendant's characterization.

The controversy created by the indictment is, specifically, whether Defendant is guilty of being a felon in possession of a firearm. On the other hand, the *consequence* of a possible guilty plea or verdict (*i.e.*, whether Defendant's criminal history will result in enhanced penalties at the time of sentencing), is a controversy that arises not from Defendant's *indictment*, but from his *conviction*.

Further, the Court does not agree with Defendant's position that it is more efficient to resolve his ACCA motion at this time. Determining whether the ACCA enhancement applies is no more or less onerous a task prior to conviction. However, the issue may be moot if Defendant is not convicted.

Thus, the Court finds no basis upon which to conclude that the interests of justice are served by a pretrial determination regarding the ACCA's applicability in this case.[4]

---

[4] It bears repeating that the Government is not obligated to provide pretrial notice of its intent to seek an ACCA enhancement. Therefore, if the Court were to require pretrial adjudication of the ACCA's applicability, that decision may ultimately serve to discourage the Government from providing pretrial notice in criminal cases going forward, thereby leaving future defendants to be potentially blind-sided post-conviction by notice of the significant ACCA penalty enhancement.

## IV. CONCLUSION

Based upon the foregoing, the Court finds Defendant's motion to dismiss the ACCA enhancement (Doc. 13) is not ripe for decision at this time. Accordingly, the Court holds in abeyance until conviction, if any, a determination as to whether the ACCA enhancement applies.

**IT IS SO ORDERED.**

Date: 2/15/2017 *s/ Timothy S. Black*
Timothy S. Black
United States District Judge